UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT WAYNE NELSON,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF RENO, NV, et al.,<br><br>      Defendants. | 3:08-CV-0587-LRH-RAM<br><br>ORDER |

    Before the court is defendants City of Reno, NV ("City of Reno"), Reno Police Department ("RPD"), and Reno police officer Char McMillin's ("McMillin") motion to dismiss filed on May 7, 2009. Doc. #10[1]. Plaintiff Robert Wayne Nelson ("Nelson") did not file an opposition.

    On November 8, 2006, Nelson was allegedly mistaken for a different Robert Nelson and wrongfully arrested for violating a temporary restraining order. Nelson filed a 42 U.S.C. § 1983 civil rights suit against defendants on December 15, 2008. Doc. #5. Thereafter, moving defendants filed the present motion to dismiss to which Nelson did not file an opposition. Doc. #10.

    While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), Nelson's failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46

---

[1] Refers to the court's docketing number.

F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. Defendants have an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to the plaintiff because Nelson has shown an unwillingness to continue litigating his complaint which weighs in favor of granting the motion.

Additionally, the court finds that dismissal is warranted based on the statute of limitations. The statute of limitations for a § 1983 civil rights complaint is two years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989); NRS 11.190(4)(e). Nelson alleges he was wrongfully arrested on November 8, 2006. He filed his complaint on December 15, 2008, more than two years after the alleged conduct. Accordingly, Nelson's complaint is time-barred.

IT IS THEREFORE ORDERED that moving defendants' motion to dismiss (Doc. #10) is GRANTED. The complaint is dismissed without prejudice as to defendants City of Reno, Reno Police Department, and Char McMillin.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment appropriately.

IT IS SO ORDERED.

DATED this 20th day of November, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE